MOORE (RUTHERFORD v.). See Cases Nos. 12,173 and 12,174.

## Case No. 9,774a.

### MOORE v. SEARCY.

[Hempst. 52.][1]

Superior Court, Territory of Arkansas. April, 1828.

LIENS — DEBT DUE TO TRUSTEE BY CESTUI QUE TRUST—CLAIM OF TRUSTEE TO BE FIRST SATISFIED.

1. S. having the legal title to land, but one half of it in equity belonging to C. deceased, cannot have a debt against C. satisfied out of the land, to the exclusion of other creditors, but must come in equally with them.

2. The land decreed to be sold for the benefit of all the creditors.

Bill in chancery.

Before JOHNSON, ESKRIDGE, and TRIMBLE, JJ.

OPINION OF THE COURT. This is a suit in chancery brought by Thomas Moore, administrator of the estate of Thomas Curran, deceased, to coerce the conveyance of certain real property, namely, one undivided half of the east half of the north-east quarter of section ten of township thirteen north, in range six west, containing eighty acres, more or less; also the one half of forty acres of ground, more or less, of section seventeen of township thirteen north, in

---

[1] [Reprinted from 27 Leg. Int. 148, by permission.]

[1] [Reported by Samuel H. Hempstead, Esq.]

range six west, lying below the town of Batesville, fronting White river, and joining the lands of Charles Kelly and Hartwell Boswell, lying and being in the county of Independence and territory of Arkansas. The bill charges, that the said Curran in his lifetime, and said Richard Searcy, with their joint funds and in partnership, entered the property in controversy at the United States land-office at Batesville; that, by agreement between the parties, the patents for said lands issued in the name of said Searcy; that Curran afterwards died insolvent, and prays the conveyance of one half of the above described lands. The defendant, in his answer, admits the several allegations as set forth in the complainant's bill, but alleges that Curran died indebted to him in the sum of five hundred and sixty-seven dollars and sixty-six cents, which is not denied by the complainant; and contends that he holds a lien in equity on the property in controversy for the full amount of his debt against the estate. This is a controversy between the creditors of Curran, of whom the defendant is one, and a decree of conveyance will be for the benefit of all. Searcy, as a creditor, has only the same equity that the others have; and the accidental circumstance of his being invested with the legal title, cannot avail him in a court of equity to the prejudice and exclusion of the other creditors. Sale decreed accordingly.